```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 8/13/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARSHALL TYRONE BROUGHTON,

                Petitioner,

– against –

WILLIAM CONNOLLY, Superintendent,
Fishkill Correctional Facility,

                Respondent.

**ORDER**

08 Civ. 8378 (ER) (GAY)

---

Ramos, D.J.:

    Before the Court is Magistrate Judge Yanthis' Report and Recommendation (the "Report"), dated May 29, 2013, on petitioner Marshall Tyrone Broughton's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, from his December 4, 2003 conviction for one count of first degree sodomy, entered in County Court, Westchester County.[1]  Doc. 12. Judge Yanthis recommended that the Court deny the petition.

    In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).  A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made.  28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  The district court may

---

[1] In the Report, Judge Yanthis noted that Petitioner was released on parole from Mohawk Correctional Facility on or about August 11, 2011.  Report 1 n.2.  Petitioner failed to notify the Court of his release and, as of the date of this Order, Petitioner still has not provided the Court with any updated contact information.



to Petitioner
Copies Mailed/Faxed
Chambers of Edgardo Ramos

adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

In the present case, the Report advised the parties that they had seventeen days from receipt of the Report to file and serve written objections pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 6(d), and warned the parties that failure to timely object would preclude appellate review of any order of judgment in this case. Report 29. Objections to the Report were due by June 17, 2013. *See* Doc. 12. However, as of the date of this Order, no objections have been filed and no requests for an extension of time to object have been made. Accordingly, Petitioner has waived the right to object to the Report, or to obtain appellate review. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008); *see also Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Despite Petitioner's failure to object to the Report, the Court has reviewed Judge Yanthis' thorough and well-reasoned Report and finds no error, clear or otherwise.

## CONCLUSION

Accordingly, the Court adopts the Report in its entirety, and Petitioner's petition for a writ of habeas corpus is DENIED.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005); 28 U.S.C. § 2253. In addition, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is

denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully directed to close this case.

    It is SO ORDERED.

Dated:    August 13, 2013
             New York, New York

                                                                 Edgardo Ramos, U.S.D.J.